**STATE, Plaintiff-Appellee, v. MERRICKS, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

Nos. 152 & 153.   Decided October 15, 1949.

Rodney R. Blake, Pros. Atty., Sidney, for plaintiff-appellee.
Brooks, Capelle & Young, by Louis C. Capelle, Cincinnati, for defendant-appellant.

### OPINION

By WISEMAN, J.:

Both cases have been submitted on motions for leave to appeal.   The same facts obtain and the same questions are presented in both cases.

The defendant failed to perfect an appeal as a matter of right within thirty days. **Sec. 13459-4 GC,** in part provides "After thirty days from such sentence and judgment such appeal may be filed only by leave of the Court or two of the judges thereof." This Court, in **State of Ohio v. McGahan,** Court of Appeals of Franklin County, Ohio, No. 4310, (opinion dated October 6, 1949), **86 Oh Ap 283,** in commenting on the authority of the Court under this section, held "Obviously this provision was not intended to confer on the Court the authority to grant leave to appeal without a showing of good cause. In determining whether leave to appeal shall be granted or refused the Court is required to exercise a sound discretion. In our opinion leave to appeal should be granted only where, if an appeal were refused, a miscarriage of justice might result. There must be some impelling reason which would require the Court to act."

Counsel for the State contends that the Clerk of Common Pleas Court had no authority to file in this Court a transcript of the proceedings in the trial court and that no copy of the notice of appeal was filed in the Appellate Court as required by §13459-3 GC. **State v. Jarcho, 65 Oh Ap 417, 422, 30 N. E. (2d) 444.** In the instant case the record shows that the motion for leave to appeal was filed in this Court on August 31, 1949. A notice of appeal was filed in the trial court on September 23, 1949. The transcript containing the notice of appeal was filed in this Court on September 24, 1949. Had no transcript been filed this Court undoubtedly would have ordered the transcript before passing on the motion in determining whether or not good cause was shown for granting leave to appeal. Since the notice of appeal is a part of the transcript a copy of such notice of appeal is properly filed in this Court in compliance with the provisions of §13459-3 GC.

The appeal is from "an order revoking defendant's probation in the above entitled cause." The motions for leave to appeal are both based on three grounds: First, counsel for defendant entered the case after the customary time for appeal had elapsed; second, defendant was not given a judicial inquiry on the revocation of his probation, as required by the statutes of Ohio, (§§13452-1 to 11 GC), the record failing to show that the defendant was served with notice of the charges; neither was there any evidence produced at the judicial inquiry, except the reading of the charges by the prosecutor and the reading of the probation officer's report; third, assuming there was a judicial inquiry, the prosecutor's statements and the probation officer's report were used as the

basis for revoking the probation in two separate cases.

The first ground of the motion is not well taken for the reason that the record shows that the defendant was represented by counsel at the hearing at which time the court revoked the order suspending the execution of the sentence. The fact that the defendant has employed other counsel does not amount to a showing of good cause for granting leave to appeal.

The second ground of the motion in substance is that the defendant was not given a "judicial inquiry" at the time the sentence was revoked. It appears that at the time the defendant pled guilty to the charges of assault and battery the court sentenced him in both cases to six months in the Dayton Workhouse and then suspended the execution of the sentences for a period of five years on certain terms and conditions which are set forth in the order of the court. Sentence was pronounced on September 22, 1948. The record of the hearing at which the execution of the sentence was revoked shows that the defendant was brought before the court on June 13, 1949; that the defendant was represented by counsel; that the court inquired of the defendant if he had violated the terms and conditions of the order dated September 22, 1948; that both the prosecutor and counsel for defendant made extended statements to the court. The judgment entry recites that "It appearing to the satisfaction of the court, upon the evidence adduced, that the defendant has violated the terms and conditions imposed at the time such sentence was suspended, it is, therefore, ordered and adjudged that said suspension of sentence be and it is hereby revoked."

Counsel in their briefs agree that the court acted on the report of the probation officer and the statement of the prosecuting attorney. Counsel for defendant contends that the record does not disclose that a "judicial inquiry" was conducted and cites **State v. Skypeck, 77 Oh Ap 225, 65 N. E. (2d) 75**, which held that "Before the court may terminate an order of probation and sentence the defendant upon such judgment or plea, the defendant is entitled to be heard upon a 'judicial inquiry' in open court on the question of whether he has failed to meet the conditions of the order of probation." We think the record in the instant case shows that a "judicial inquiry" as defined in State v. Skypeck was conducted. On P. 234 the court in that case held "The determination of whether the defendant, by his conduct, violated the requirements of his probation is under §13452-7 GC, to be determined by a 'judicial inquiry.' The defendant

must be afforded a reasonable opportunity to be heard. This does not require the formality of a trial but it does require the presentation of the facts in open court so that the court, in the exercise of sound discretion, may deal justly with the defendant." The record shows that an informal hearing was held in open court, at which time the defendant was present in person and with counsel, that he was given an opportunity to state whether he had violated any of the terms and conditions under which the execution of the sentence had been suspended and upon the evidence adduced the court found that the defendant had breached the terms and conditions of the order and on the basis of this evidence revoked the order of suspension. However, the Skypeck case is distinguishable from the case at bar in that the defendant in that case was not sentenced after entering a plea of guilty but was placed on probation under the provisions of §13452-1 GC. The court in the Skypeck case, in determining whether the court had conducted a judicial inquiry, applied the provisions of §13452-7 GC, which in part provides "When the defendant is brought before the judge or magistrate, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation, and impose any sentence which might originally have been imposed, etc." These sections are found in the chapter on probation and apply where the defendant has been placed on probation and the imposition of sentence has been deferred. In the instant case the defendant was sentenced and the execution of the sentence was suspended. It is apparent that the court in the case at bar acted under authority of §13451-8b GC, which provides "Any court sentencing a person for misdemeanor forbidden by statute or ordinance, may at the time of sentence remit the same or suspend such sentence in whole or in part, upon such terms as he may impose." Under this section the trial court is vested with a discretion in fixing the terms and conditions of the suspension. State v. Brewer, 75 Oh Ap 329, 333, 62 N. E. (2d) 174. Likewise the court is vested with authority in the exercise of a sound discretion to revoke such suspension on breach of the terms and conditions imposed. The evidence presented to the trial court constituted a breach of the terms and conditions of the suspension.

The third ground of the motion is that the evidence presented was used as a basis for revoking the order in two separate cases. From the record it appears that these two cases are related; the defendant pled guilty to the two charges on the same day and the sentences were imposed on the same

day. The trial judge had under consideration the revocation of the execution of the sentence in both proceedings and since the terms and conditions of the order suspending the execution of the sentence were the same in both cases, the evidence presented would be applicable to both cases.

In our opinion the defendant has not shown good cause why this Court should sustain the motions for leave to appeal. Motions overruled.

MILLER, PJ, and HORNBECK, J, concur.