THE STATE OF OHIO, APPELLEE, *v.* NOWAK, JR., APPELLANT.

(No. 4588—Decided January 21, 1952.)

*Mr. Joel S. Rhinefort,* prosecuting attorney, for appellee.

*Mr. Hyman S. Topper* and *Mr. A. M. Steinberg,* for appellant.

Conn, J. On September 3, 1946, the defendant was indicted by the Grand Jury of Lucas county, wherein he was charged with "promoting numbers game, second offense." Before the case was reached for trial, the defendant withdrew his plea of not guilty and pleaded guilty to the charge as laid in the indictment. Thereupon the trial court adjudged that the defendant pay a fine of $1,000 and costs of prosecution. The court suspended the imposition of sentence to the Ohio penitentiary and probated defendant to the sheriff of Lucas county for a period of five years.

Two days after defendant was placed on probation a writ of execution for costs was issued and delivered to the sheriff and later returned, no money having been found to satisfy the costs. On December 16th following, a capias was issued for the arrest of defendant, but two days later same was vacated and held for naught. It does not appear from the record that the fine imposed on defendant or costs were paid, but counsel for defendant stated in their brief that these conditions of the probation were complied with.

On April 25, 1951, a capias for the arrest of defendant was issued and delivered to the sheriff, but on May 8th the order for capias was withdrawn. The next day, the court made an order referring the case to the Lucas County Adult Department for investigation, report and recommendation.

On July 12, 1951, a hearing was held, the defendant and his counsel being present, at which time the court received the report of the investigation made by the chief probation officer. This report was informal and rested mainly on hearsay. The several matters brought to the court's attention tended to show that defendant may have engaged directly or indirectly in

unlawful acts of a similar character to those charged in the indictment and to which he had pleaded guilty.

The trial court refused to permit counsel for defendant to cross-examine the probation officer. The defendant did not testify and offered no evidence whatever to meet the somewhat incriminating statements of this officer.

At the conclusion of the hearing, the court vacated the order of probation entered December 7, 1946, and sentenced defendant to the Ohio penitentiary until released according to law.

The defendant appealed to this court from the order revoking his probation, and assigns as error that he had not violated the terms of his probation or any of the statutory provisions contained in Section 13452-5, General Code; that the order of probation was not vacated upon a judicial inquiry in open court; and that the court had abused its discretion.

In the prosecution of crime, the statutory provisions regulating the probation of a defendant who has pleaded or been found guilty (juvenile delinquents and certain crimes expressly excepted) are contained in Sections 13452-1 to 13452-11, inclusive, General Code.

The statutes appear to give the court broad discretion in entering an order of probation, in extending the period (not to exceed five years), and in vacating an order previously made. It is provided in Section 13452-1, General Code, that when "it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced * * *," the imposition of sentence may be suspended and the defendant placed on probation.

The Legislature amended the probation statutes,

effective October 11, 1945, by adding a supplemental section, 13452-1a, General Code, wherein it is provided that in a felony case when there is a plea of guilty or conviction, no person ''shall be placed on probation until a written report of investigation by a probation officer shall have been presented to and considered by the court.'' The character of the investigation and report is also specified. It does not affirmatively appear that the provisions of this new section were followed in the instant case, but of this the defendant could not complain.

It may be noted further that the statute (Section 13452-4, General Code) provides that when defendant is released on probation he

''shall continue under the control and supervision of the county department of probation or the state department of public welfare, as the case may be, to the extent required by law, the terms and conditions of the order of probation, and the rules and regulations governing said department of probation.''

When the defendant in a felony case is released on probation, the procedural provisions of the statutes and the rules and regulations of the probation department, together with the conditions in the order of probation, constitute the terms upon which defendant's probation rests and upon default by him the order of probation may be vacated, following a judicial inquiry. Section 13452-7, General Code, specifically provides that ''when the defendant is brought before the judge or magistrate, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation. * * *.''

The issue presented on this record and which this court has jurisdiction to consider is the claim of defendant that he was not accorded a judicial inquiry as contemplated by law and that the trial court abused

its discretion in vacating the order of probation and in imposing a prison sentence on the defendant.

It is vigorously contended by defendant that the vacation of the order of probation was not grounded on a "judicial inquiry" and, further, that the defendant had not been guilty of violating the terms of his probation or that he had not been guilty, during his probation period, of any act or acts inhibited by Section 13452-5, General Code, where "the probation period shall cease to run until such time as he is brought before the court for its further action under this act."

In other words, the defendant contends that as there was no evidence offered of any violation of the statute (Section 13452-5, General Code), and no such claim made, and no evidence offered of any violation of the conditions of probation, and nothing before the court but the "unilateral report" of the probation officer and arguments of counsel, the hearing was not a "judicial inquiry."

However, by virtue of the statutory provisions above referred to, it was competent and material for the court to receive the report of the officer of the law having charge of the county probation department and from whom the court had a right to receive a statement of fact relative to the conduct of defendant while on probation, and the duty to give consideration to the charges of misconduct brought to its attention.

The general rule of procedure in cases like the one before us is stated in 24 Corpus Juris Secundum, 75, Section 1572-3, as follows:

"Except as statute may provide otherwise, no formal charge or hearing is necessary before the court may revoke a suspension or probation and impose sentence."

See, also, 15 American Jurisprudence, 151, Section

500; 132 A. L. R., 1248; *State* v. *Merricks* (Ohio App.), 57 Ohio Law Abs., 257, 88 N. E. (2d), 293.

However, in the absence of specific statutes outlining a detailed procedure, the authorities cited and others we have examined hold that the defendant is not entitled to a formal trial where the court is given discretion. The authorities also appear to hold that the minimum requirements of a judicial inquiry include a public hearing in open court with timely notice to the defendant; that the defendant is entitled to be present, represented by counsel, and to be advised of the nature of the accusation against him; that defendant be given an opportunity to be heard and submit evidence in his own behalf; and, generally, that defendant be accorded reasonable opportunity to bring to the court's attention, as far as he is able, such facts and circumstances as tend to contradict or explain the alleged violations.

In the instant case, the defendant did not take the witness stand in his own behalf or offer any evidence in contradiction or explanation of the charges made in the report of the probation officer. Not having availed himself of this legal right, the defendant can not now urge that he has been prejudiced by hearsay in the report of the probation officer. We reach the same conclusion with respect to the refusal of the court to permit the probation officer to be cross-examined, as such refusal was not an abuse of discretion, in view of the circumstances shown in the record of this case.

If the record disclosed that defendant had been denied the right to testify, or had been denied the right to offer competent evidence tending to meet or explain the charges made against him, the proceedings would have been lacking in an elementary ingredient of a judicial inquiry.

Among the cases relied on by the defendant is *State* v. *Skypeck* (1945), 77 Ohio App., 225, 65 N. E. (2d), 75. In that case, the defendant had pleaded guilty to a charge of grand larceny. The trial court suspended the imposition of sentence and placed defendant on probation with the chief of probation of Cuyahoga county for five years. About seven months later, a capias for the arrest of defendant was issued, based on information given a judge of the Common Pleas Court by a member of the police department. At the hearing, defendant appeared with counsel and was examined briefly by the judge before whom he appeared, as to his conduct since he had been probated. The answers given were unsatisfactory to the court and the order of probation was vacated. On appeal, the order of vacation was reversed, one judge dissenting. In the well reasoned opinion of the court by Skeel, J., in which the statutes and authorities are reviewed, it was pointed out that the probation department did not participate in the hearing or present any evidence of failure to comply with the terms of probation. We quote from the court's opinion, page 234, as follows:

"The determination of whether the defendant, by his conduct, violated the requirements of his probation is under Section 13452-7, General Code, to be determined by a 'judicial inquiry.' The defendant must be afforded a reasonable opportunity to be heard. This does not require the formality of a trial but it does require the presentation of the facts in open court so that the court, in the exercise of sound discretion, may deal justly with the defendant.

"It is the opinion of the majority of this court that the colloquy between the court and defendant, which makes up the complete record of the case, did not constitute a judicial inquiry into the conduct of the de-

fendant as required by Section 13452-7, General Code, and that the action of the court in ordering the original sentence into execution was a clear abuse of discretion.''

The *Skypeck case* is distinguishable from the instant case. It appears that the court did not have before it any report of the probation officer as required by the statute or any complaint made in open court informing defendant of the charge laid against him and in what manner defendant had failed to meet the conditions of his probation. In the case before us, the report of the probation officer tended to show that defendant had been associating rather closely with those who were known as promoters of the numbers game and that there was in and about the premises defendant frequently visited, physical evidence that a numbers game was being conducted.

It is our opinion that the trial court complied with all the requirements of law with respect to the judicial inquiry provided by statute and that in vacating the order of probation and imposing sentence there was no abuse of discretion, and, therefore, this court is without jurisdiction. The appeal is dismissed and the cause remanded for execution of sentence.

*Appeal dismissed.*

Fess and Savord, JJ., concur.