THE STATE, EX REL. BAKER, *v.* TEHAN, SHERIFF.

(No. 7758—Decided May 22, 1953.)

*Mr. Louis C. Capelle,* for petitioner.

*Mr. C. Watson Hover,* prosecuting attorney, for respondent.

*Per Curiam.* From the evidence presented, it appears that the petitioner was in lawful custody, charged with a violation of probation. It also appears that the petitioner was brought before the court, that no counsel for him was present, that no statement by anyone charging violation of the terms of probation was made, and that the court summarily revoked probation and made its order accordingly.

In *State* v. *Nowak, Jr.,* 91 Ohio App., 401, 108 N. E. (2d), 377, it is stated in the fourth paragraph of the syllabus:

"The minimum requirements of a judicial inquiry include a public hearing in open court with timely notice to defendant; that defendant be entitled to be present, represented by counsel and be advised of the nature of the accusation against him; that the defendant be given an opportunity to be heard and to submit evidence in his own behalf; and, generally, that defendant be accorded reasonable opportunity to bring to the court's attention, as far as he is able, such facts and circumstances as tend to contradict or explain the alleged violation of the probation order."

Ordinarily, a judgment revoking probation may be set aside only by a proper review of such judgment in an appeal on questions of law. However, where it is made to appear that the provisions of Sections 13452-1 to 13452-11, General Code, were ignored by the court, no judicial inquiry occurred and the defendant is deprived of his liberty without any due process of law.

In view of the evidence presented, the writ of habeas corpus will be granted and petitioner remanded to such lawful custody as existed prior to the unwarranted order of the court revoking his probation. See 25 American Jurisprudence, 249, Section 153.

Judgment of this court may be entered accordingly.

*Judgment accordingly.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.