City of Cleveland, Appellee, *v.* Hutcherson, Appellant. (Two cases.)

(Nos. 22914 and 22915—Decided September 28, 1953.)

*Mr. Bernard J. Conway,* police prosecutor, for appellee.

*Mr. Frank C. Lyons,* for appellant.

Skeel, J. These appeals come to this court on questions of law from final orders of the Municipal Court of Cleveland. On the 16th day of January 1953, the defendant was put on trial in the Municipal Court of Cleveland on a charge of trespass on school property and at the conclusion of the trial was found guilty.

The court sentenced defendant to pay a fine of $100 and costs, then suspended such sentence, putting defendant on probation under the rules of the probation department for one year. Thereafter, defendant was on the 9th day of February 1953 put on trial on a charge of petit larceny. At the conclusion of the trial he was found guilty, sentence was immediately imposed ($25 fine and costs and 30 days imprisonment) and suspended, and defendant was placed on probation for one year. The acts constituting the misdemeanor of which defendant was found guilty in each case were committed prior to January 16, 1953.

On June 17, 1953, defendant was brought before the court charged with violating the terms of his probation on the larceny charge and on the 18th day of June he was charged with violating the conditions of his probation on the trespass charge. Whereupon the court, in each case, vacated the order of probation and ordered the original sentence into execution. The orders terminating defendant's probation in each case are the subject of these appeals.

Section 13451-8b, General Code, provides:

"Any court sentencing a person for misdemeanor forbidden by statute or ordinance, may at the time of sentence remit the same or suspend such sentence in whole or in part, upon such terms as he may impose."

Section 13452-1, General Code, provides:

"In prosecutions for crime, except as mentioned in Section 6212-17 of the General Code, and as hereinafter provided, where the defendant has pleaded, or been found guilty and it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced, such judge or

magistrate may suspend the imposition of the sentence and place the defendant on probation in the manner provided by law, and upon such terms and conditions as such judge or magistrate may determine; provided, that juvenile delinquents shall not be included within this provision."

The sections following Section 13452-1, General Code, and preceding Section 13452-7, General Code, provide procedure for releasing the defendant on probation, his supervision during the period of probation, and for his arrest by the probation office or by order of the judge or magistrate in the event it is claimed the defendant has failed to comply with the terms of his probation.

Section 13452-7, General Code, then provides in part:

"When the defendant is brought before the judge or magistrate, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation, and impose any sentence which might originally have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period fixed as herein provided, when the ends of justice will be served and the good conduct of the person so held shall warrant it, the judge or magistrate may terminate the period of probation."

This court has held (*State* v. *Skypeck,* 77 Ohio App., 225, 65 N. E. [2d], 75) that one who has been granted probation under the foregoing provisions of criminal procedure is entitled to a "judicial inquiry" as to any claim that the defendant has violated the terms of his probation. This does not mean that he is entitled to a full scale trial of such question. Certainly the court would have a right to hear from its probation officer as to the results of his contact with the defend-

ant and any conclusions reached by him upon proper investigation of the defendant's conduct. The judicial inquiry required by the statute must, however, be broad enough to require the court to hear the statements of witnesses offered by defendant, material in determining whether the defendant's conduct in fact was in violation of the terms of his probation. Conduct prior to the order of probation clearly within the knowledge of the court as of the date of such order cannot be considered.

In the case of *State* v. *Nowak, Jr.,* 91 Ohio App., 401, 108 N. E. (2d), 377, the court set forth the minimum requirements of a judicial inquiry under Section 13452-7, General Code, in paragraph four of the syllabus as follows:

"The minimum requirements of a judicial inquiry include a public hearing in open court with timely notice to defendant; that defendant be entitled to be present, represented by counsel and be advised of the nature of the accusation against him; that the defendant be given an opportunity to be heard and to submit evidence in his own behalf; and, generally, that defendant be accorded reasonable opportunity to bring to the court's attention, as far as he is able, such facts and circumstances as tend to contradict or explain the alleged violation of the probation order."

Also, in the case of *City of Lima* v. *Beer,* 90 Ohio App., 524, 107 N. E. (2d), 253, the court said in the syllabus:

"2. Where a court suspends the sentence of a person convicted of keeping gambling devices upon the condition that he 'cease and desist in the selling of gambling tickets known as tips,' the defendant has a right to rely upon such express and definite condition and, so long as he complies therewith, suspension of sentence cannot be revoked.

"3. The determination of the question of whether the defendant has violated the condition of his probation set forth in the order suspending the sentence must be by judicial inquiry.

"4. In a judicial inquiry to determine whether such defendant has violated the condition of his probation, the defendant has a legal right to know the facts which it is claimed show a violation of the condition of the order of suspension, to fully cross-examine the witnesses against him, and to a reasonable opportunity to be heard and present evidence refuting the claimed violation, and the denial of such rights by the trial court is prejudicial error."

The right of a court to suspend the imposition of sentence and place a defendant on probation or to suspend sentence after it has been pronounced in misdemeanor cases is controlled entirely by statute in Ohio.

In the case of *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St., 103, 184 N. E., 1, paragraph three of the syllabus provides:

"The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute."

See, also, 12 Ohio Jurisprudence, 682, Section 667.

The power of the court to either suspend the imposition of sentence and place the defendant on probation or remit or suspend sentence at the time of its imposition upon such terms as the court may deem just is controlled by Sections 13451-8*b*, 13452-1, 13452-7, and related sections of the General Code.

After the court exercised the power of suspending sentence at the time of its imposition, in each case now being considered, and ordering the defendant on probation, any attempt thereafter to vacate the order in each case and enforce the original sentence must be

done as provided by statute, that is, after making a "judicial inquiry" to determine whether the defendant has broken the terms of his probation, and only in the event the court so finds can such order of probation be set aside.

An examination of the bill of exceptions in each case shows clearly that the defendant was not afforded a judicial inquiry, as herein defined, on the question of whether he had in fact violated the terms of his probation.

The judgment revoking the order of probation in each case is, therefore, reversed and the causes remanded so that the court may afford defendant a "judicial inquiry" in accord with this opinion on the question of whether he has violated the terms of his probation.

*Judgments accordingly.*

HURD, P. J., and KOVACHY, J., concur.