Bell, J.
Although the primary question here is one only of the admissibility of evidence, the resolution of that question requires a consideration of the probation procedure in Ohio.
The statutory provisions relating to probation are found in Sections 2951.01 to 2951.10, inclusive, Revised Code. These sections of the Code furnish the only source of a court’s authority to grant, withhold or terminate probation. State, ex rel. Gordon, v. Zangerle, County Aud., 136 Ohio St., 371, 26 N. E. (2d), 190.
Section 2951.09, Revised Code, provides in part:
“When a defendant on probation is brought before the judge or magistrate under Section 2951.08 of the Revised Code [on arrest by a probation officer without the necessity of a warrant, or by any police officer upon the order of a chief probation officer or the warrant of the judge or magistrate], such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation and impose any sentence which might originally have been imposed or continue *121 the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period [limited to a maximum of five years by Section 2951.07, Revised Code]. When the ends of justice will be served and the good conduct of the person so held warrants it, the judge or magistrate may terminate the period of probation. At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases, and the defendant shall thereupon be discharged * * V’ (Emphasis added.)
The last-emphasized sentence of the above-quoted statute plainly indicates that, until such time as the probationary period has expired or has been terminated prior to its expiration, the judge or magistrate retains authority to impose sentence. And were it not for the first-emphasized provision of the statute, the question involved herein could be disposed of easily on the authority of In re Varner, 166 Ohio St., 340, 142 N. E. (2d), 846.
Certainly, the provisions of Section 2951.02, Revised Code, which confer upon a judge the right to suspend the imposition of sentence and place a defendant on probation, are broad enough to warrant the conclusion that “probation or suspension of sentence comes as an act of grace to one convicted of a crime.” Escoe v. Zerbst, Warden, 295 U. S., 490, 79 L. Ed., 1566, 55 S. Ct., 818. And because of that latitude granted to the judge, the General Assembly, probably as a protection primarily for the state, provided for an appeal from an order suspending the imposition of sentence and granting probation. Section 2951.10, Revised Code. It would, save in an instance where a defendant desired to appeal from a conviction, be illogical for a defendant to appeal from a boon extended to him.
The Varner case, although suggesting that this court might consider the probationary procedure in the same light as parole, so far as termination thereof is concerned, recognizes in its quotation from In re Anderson, 191 Ore., 409, 229 P. (2d), 633, that the granting and termination of probation are clearly distinguishable from the granting and revoking of parole. The chief distinction arises, as pointed out by Judge Taft, from the absence of any statutory requirement of inquiry in the case of parole revocation.
The nature of the inquiry required by Section 2951.09, Revised Code, has not heretofore been determined by this court. *122 The subject, however, has been widely discussed in other jurisdictions and, to a limited extent, by some Courts of Appeals in Ohio.
There is a line of cases which hold that, where an order suspending a sentence or granting probation contains no express reservation of the power of summary termination, and where statutes governing revocation of suspension of sentence or termination of probation contain no express provision for notice and hearing, the probationer has no right to notice and hearing before revocation or termination. 29 A. L. R. (2d), 1092. Cited as following this line of authority is In re Weber, 75 Ohio App., 206, 61 N. E. (2d), 502. In that case, a fine was suspended “during good behavior,” and the court held, on appeal from a revocation of the suspension, that ‘ ‘ suspension of sentence during good behavior may be revoked by the court sua sponte, on information, satisfying the conscience of the court, of conduct not conforming to law or the order of the court.” (The Weber case was later distinguished in State v. Skypeck, infra, on the theory that the former was concerned primarily with the question of whether habeas corpus was the proper remedy to seek relief from claimed irregularities in the proceedings.)
Another line of cases have construed statutes governing revocation of suspension of sentence or termination of probation as conferring upon the probationer a right to notice and hearing before termination, notwithstanding that the statutes contain no express provision therefor. 29 A. L. R. (2d), 1102. Although the courts so holding are generally agreed that such a hearing does not embrace the right to a jury trial upon the issue of whether the terms of a sentence suspension or a probation have been violated, on the theory that no new penalty is to be affixed or new sentence imposed (Ex parte Lucero, 23 N. M., 433, 168 P., 713, L. R. A. 1918C, 549: State v. Everitt, 164 N. C., 399, 79 S. E., 274, 47 L. R. A. [N. S.], 848; State v. Charles, 107 S. C., 413, 93 S. E., 134; Slayton v. Commonwealth, 185 Va., 357, 38 S. E. [2d], 479), there is a difference of opinion as to what such a hearing must embrace.
Among the decisions holding that a hearing for the termination of probation requires a “judicial inquiry” are those of several Courts of Appeals in Ohio. Thus in State v. Skypeck, 77 Ohio App., 225, 65 N. E. (2d), 75, the court held:
*123 “Before the court may terminate an order of probation and sentence the defendant upon such judgment or plea [conviction or plea of guilty], the defendant is entitled to be heard upon a ‘judicial inquiry’ in open court on the question of whether he has failed to meet the conditions of the order of probation.”
Although generally cited as one of the decisions requiring a “judicial inquiry,” the Skypeck case is of little help in defining that inquiry. The court, in addition to holding that a defendant must be afforded a reasonable opportunity to be heard, said that “this does not, require the formality of a trial but it does require the presentation of the facts in open court so that the court, in the exercise of sound discretion, may deal justly with the defendant.” The court then found that a brief colloquy between the court and defendant, which was the only record in the case, did not constitute a “judicial inquiry” into the conduct of the defendant, and that the action of the court in terminating probation was a clear abuse of discretion.
In State v. Nowak, Jr., 91 Ohio App., 401, 108 N. E. (2d), 377 (appeal dismissed, 157 Ohio St., 525, 106 N. E. [2d], 82), the Court of Appeals, while recognizing that a “judicial inquiry” does not mean a formal trial, held:
“The minimum requirements of a judicial inquiry include a public hearing in open court with timely notice to defendant; that defendant be entitled to be present, represented by counsel [cf. Bennett v. United States, 158 F. (2d), 412 (certiorari denied, 331 U. S., 822, 91 L. Ed., 1838, 67 S. Ct., 1302); Gillespie v. Hunter, Warden, 159 F. (2d), 410; United States v. Huggins, 184 F. (2d), 866], and be advised of the nature of the accusation against him; that the defendant be given an opportunity to be heard and to submit evidence in his own behalf; and, generally, that defendant be accorded reasonable opportunity to bring to the court’s attention, as far as he is able, such facts and circumstances as tend to contradict or explain the alleged violation of the probation order.”
It would appear, therefore, that, even in those courts which require a “judicial inquiry,” a formal trial is not contemplated by the provision that the judge “shall immediately inquire into the conduct of the defendant.” In fact, the lack of formality is inherent in the statute providing for the manner in which an *124 alleged probation violation may be brought to the attention of the court. Section 2951.08, Revised Code. And such a provision for summarily bringing an alleged violator before the court, coupled with the injunction to the judge to “immediately inquire,” would seem to be all the notice that the General Assembly contemplated should be given to the defendant. Any further requirement of formality in bringing the matter to the attention of the court, which requirement would tend to delay the prompt and summary nature of the proceeding, would be subversive of the very purpose of the probation statutes. See Jianole v. United States, 58 F. (2d), 115.
It must be kept in mind that an alleged probation violator is not in any wise in the position of one accused of crime and, therefore, entitled to all the constitutional and statutory safeguards given one so accused. The alleged probation violator has had his day in court on a criminal charge and has pleaded guilty thereto or has been adjudged guilty thereof. He had a specific statutory right of appeal from that adjudication. He is, at all times prior to the termination of his probation, a convicted criminal. He has been allowed to remain in society by virtue of the discretion of a trial judge, a discretion upon the exercise of which, as a matter of right, he can exert no claim or upon the withholding of which he can predicate no complaint.
Whether he is permitted to continue to remain thus at liberty must rest largely in the discretion of the judge. In exercising that discretion by immediately inquiring into the conduct of the defendant, a court is not bound by the rules which encompass a trial in any strict or formal sense. Rather that inquiry may be summary and informal so long as it is an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that the trial court has not abused its discretion in failing to carry the probe deeper. The right of review in accordance with the familiar principles governing the exercise of judicial discretion should be sufficient to ensure a genuine exercise of discretion rather than an indulgence in whimsy.
In view of our belief that the inquiry provided for in Section 2951.09, Revised Code, does not require the formalities of a criminal trial and the adherence to the rules of evidence prescribed therefor, the consideration by the judge in the instant *125 case of the transcript taken in the mayor’s court becomes a question solely of abuse of discretion on his part. We can not say that there was any such abuse. In the light of this defendant’s original conviction of an offense closely related to the charge which was the basis for termination of probation, we are of the opinion that the determination of the judge that defendant had violated his probation was well within the realm of judicial discretion.
The judgment of the Court of Appeals is, therefore, reversed, and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Matthias and Herbert, JJ., concur.
Taet, J., concurs in paragraph one of the syllabus and in the judgment.