{¶ 51} I respectfully dissent.
 {¶ 52} I believe appellant's second assignment of error is dispositive of this matter, thus, I will address the assignments out of order.
 {¶ 53} In his second assignment of error, appellant contends that the trial court erred and abused its discretion by revoking his probation and imposing prison upon him due to his failure to make complete restitution payments within the five-year probationary period. He stresses that the record shows that approximately $20,000 of the $27,500 ordered had already been paid by him. Appellant also alleges that the trial court failed to take his financial condition into consideration. *Page 12 
 {¶ 54} This court in Nagle, at 9-11, stated:
 {¶ 55} "[a] probation revocation hearing is not part of the formal prosecution of a criminal defendant. Hylton, 75 Ohio App.3d at 781;Stockdale, supra, 1997 Ohio App. LEXIS 4363, [at] 6 * * *. Rather, it is `"an informal hearing structured to assure that the finding of a (* * *) (probation) violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the (* * *) (probationer's) behavior.' Hylton, 75 Ohio App.3d at 781, quotingMorrissey, 408 U.S. at 484. The primary purpose of such a hearing is to conduct an inquiry into whether the probationer's conduct comported with the terms of the court-ordered probation.
 {¶ 56} "At a probation revocation hearing, the burden is on the state to prove that the probationer violated one or more of the terms of probation. Setler, supra, 1998 Ohio App. LEXIS 4523, [at] 8 * * *. The quantum of evidence the state must adduce is not beyond a reasonable doubt; rather, there need only be evidence of a substantial nature to find revocation justified. * * * Hence, the applicable burden of proof to support the revocation of probation is not as stringent as is required to obtain the original criminal conviction.
 {¶ 57} "As for what constitutes evidence of a substantial nature, this court has held that a trial court should apply a preponderance of evidence standard when deciding whether to revoke probation.Stockdale, supra, * * * [at] 7 * * *. In the context of a revocation hearing, `the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation.' Id. *Page 13 
 {¶ 58} "The decision to revoke probation rests within the sound discretion of the trial court. State v. McKnight (1983),10 Ohio App.3d 312, 313 * * *; Stockdale, supra, * * * [at] 7-8 * * *. Unless there is an abuse of discretion, a reviewing court will not reverse the trial court's decision. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219 * * *." (Citations and parallel citations omitted.)
 {¶ 59} Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 60} The court's statement made at the final probation revocation hearing on November 16, 2006 is dispositive.
 {¶ 61} The trial court stated:
 {¶ 62} "Now whether the probation department didn't tell him or whether they told him that it was a condition of probation it's clear to the [c]ourt that he did in fact know that he had to pay the amount and he had to pay the amount by the end of his probationary period. It does not take much skill with mathematics to figure out the number of months involved and the amount of payment that has to be paid to arrive at a zero balance at the end of five years.
 {¶ 63} "Now that having been said the other side of this situation is that [appellant and his wife] have both taken the witness stand and claimed poverty while on the one hand they are borrowing and paying hundreds of thousands of dollars to financial *Page 14 
institutions they do not have money to pay a $7,000.00 indebtedness. They have the opportunity to borrow money, $6,000.00 to renew a liqueur license for a business that only pays, as [appellant's wife] testified to, pocket money for [appellant.]
 {¶ 64} "[Appellant] does not have the right to be placed on probation and come in here and claim poverty that he can only work at a job in which he gets pocket money. Granted there are problems with people who have a criminal conviction but we have criminals, people that have long criminal histories and they are employed consistently so that is not an excuse that you only had pocket money and that you were not able to pay more than a hundred dollars a month because you were only making pocket money at this job. The obligation was that or is that the money had to be paid and the money has not been paid, the money has not been paid since the last advisement by the probation department to [appellant.]
 {¶ 65} "So the [c]ourt finds that for all the reasons that it's enumerated that [appellant] is in violation of his probation and the [c]ourt revokes the probation."
 {¶ 66} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.'" State v.Simpson (Apr. 22, 2002), 12th Dist. No. CA2000-12-251, 2002 Ohio App. LEXIS 1886, at 6. (Citations omitted.) The right of a defendant to continue on probation is a matter resting within the trial court's sound discretion. Scott, supra, at 41, citing State v. Skypeck (1945),77 Ohio App. 225. Nevertheless, a trial court may not properly revoke a defendant's probation for failure to pay a fine or make restitution absent evidence and findings that the defendant was somehow responsible *Page 15 
for the failure or that alternative forms of punishment were inadequate to meet the state's interest in punishment and deterrence. Bearden v.Georgia (1983), 461 U.S. 660. In other words, a defendant's probation cannot automatically be revoked and defendant imprisoned solely because he has failed to pay a fine or make restitution. The court must first inquire into the reasons for the failure to pay. Id.
 {¶ 67} In Bearden, supra, at 672-673, the Supreme Court held:
 {¶ 68} "* * * in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment."
 {¶ 69} "Under R.C. 2951.09, `at the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Kaine v. MarionPrison Warden (2000), 88 Ohio St.3d 454, 455. Discharge is required even if the alleged probation violation occurred during the *Page 16 
probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted. Id.
 {¶ 70} The case at bar is not about appellant's failure to pay restitution during his period of probation but about the expectation (not journalized in the judgment entry or appearing on the record) by the court that he pay the entire amount prior to the expiration of his term. This was clearly not communicated to appellant nor did he pay all of the restitution (despite over 6 years of probation) within the required time.
 {¶ 71} I note that the court lacked jurisdiction in this matter to sentence or violate appellant's probation as he had exceeded the five year statute; however, this was not raised on appeal. The court is vested with the authority to order restitution. Restitution in this matter has been also reduced to a civil judgment which should and can be collected from the debtor utilizing the civil debtor creditor statutes. The court did not require in its original judgment entry that the entire amount be paid within the probationary period. It is unreasonable for the probation department, under the supervision of the judge, to accept as compliant his payment habits under the terms of his probation, his payment of restitution for over six years until sixty days prior to the expiration of his term and expect payment of thirty percent of the underlying debt within sixty days.
 {¶ 72} Furthermore, the probation department had six years to indicate the court's displeasure with his payment/restitution habits. The court has the ability and authority to order that restitution be paid in its entirety so long as it is reasonable given the earning ability of the probationer. But the court cannot violate appellant for failing to *Page 17 
pay the entire amount during the requisite terms when it was not a condition of probation and without satisfying the Bearden factors. The court must determine and the evidence must reflect that appellant did not make bona fide or reasonable efforts to repay the restitution. The amount ordered in monthly payments must be reasonably related to appellant's ability to pay, not the amount of restitution owed.
 {¶ 73} The issue before the trial court in this matter is not a failure to pay restitution but a failure to repay fast enough. A defendant cannot be violated for failure to repay fast enough when he was never told he was required to do so under Bearden. Clearly, it is beyond the pale and clearly in contravention of those factors for a probationer to make consistent payments and clear over seventy-four percent of the debt, to be held non-compliant in this instance. The debtor's present financial status and his ability to pay is the driving factor in a revocation hearing for a violation for failure to pay restitution, not the total amount of the debt owed pursuant toBearden. The court does not have the power to revoke a probationer's community controls simply for being a slow payer if the payments have been consistent, and accepted without objection by the probation department, and if he has been making reasonable efforts to comply and pay restitution. The court is not a collection agency and there is no debtor's prison in this country. See State v. Northam (Sept. 30, 1999), 10th Dist. No. 98AP-1592, 1999 Ohio App. LEXIS 4615, at 9.
 {¶ 74} The record contains sufficient evidence to support a finding that appellant made a reasonable and bona fide effort to comply with the trial court's order, by paying approximately $20,000 of the $27,500 total. Appellant clearly demonstrated sufficient *Page 18 
efforts to comply with the terms of his probation, specifically to pay restitution consistently. There is no evidence that appellant's failure to pay the entire amount was willful or intentional or that his failure to obtain more lucrative employment, in order to pay, was willful or intentional. See State v. Walden (1988), 54 Ohio App.3d 160, syllabus. "`* * * [I]f [a] probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.'" Id. at 163, citing Gagnon v. Scarpelli
(1973), 411 U.S. 778, 790.
 {¶ 75} The trial court failed to take appellant's financial condition into consideration. As Judge Wolff succinctly stated in his concurring opinion in Walden, "[t]he fortunes of probationers are subject to unpredictable upswings and downturns over the probationary period. * * * I do not suggest for a moment that a probationer's failure to make the total restitution ordered should result in revocation of probation if, in fact, the order proves, over time, to be unreasonable as applied to his particular circumstances." Walden, supra, at 165.
 {¶ 76} Based on the facts presented, I believe the trial court abused its discretion by revoking appellant's probation and imposing prison upon him due to his failure to make complete restitution payments within the five-year probationary period. "A trial court loses its jurisdiction to impose a penalty for a defendant's violation of community control sanctions once the defendant's term under community control has expired." State v. Fairbank, 6th Dist. Nos. WD-06-015 and WD-06-016,2006-Ohio-6180, at ¶ 11, *Page 19 
citing State v. Craig, 8th Dist. No. 84861, 2005-Ohio-1194, at ¶ 7, citing State v. Lawless, 5th Dist. No. 03-CA-30, 2004-Ohio-5344, relying on Davis v. Wolfe (2001), 92 Ohio St.3d 549, and State v. Yates (1991),58 Ohio St.3d 78. A sentencing court may impose a longer time under the same sanction but the total time may not exceed five years.Fairbank, supra, at ¶ 14.
 {¶ 77} I believe appellant's second assignment of error is with merit.
 {¶ 78} In his first assignment of error, appellant argues that the trial court erred by failing to properly notify him, in writing, that he had a five-year cap within which to repay $27,500.
 {¶ 79} I believe the trial court erred in not informing appellant of a payment schedule or time limit, and that error was compounded by the action (or inaction) of the probation department in accepting his payments for six years.
 {¶ 80} The Sixth District summarized the court's jurisdiction inFairbank, supra, at ¶ 14:
 {¶ 81} "Community control is `a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code(.)' R.C. 2929.01(F). As such, community control is the sentence that the sentencing court deems is appropriate. State v.Whitaker, 2d Dist. Nos. 21003 [and] 21034, 2006-Ohio-998, ¶ 10. When a court sentences an offender to community control, the offender is placed under the general control and supervision of the department of probation in the county that serves the sentencing court `for purposes of reporting to the court a violation of any condition of the sanctions.' R.C. 2929.15(A)(2)(a). R.C. 2929.15(A)(2)(b) then *Page 20 
provides that if an offender violates a condition of a community control sanction, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court or to the department of probation that supervises the offender, who shall then report the violation to the sentencing court. R.C. 2929.15(B) sets forth the actions that the sentencing court can take if the offender violates the conditions of a community control sanction: `the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code.'"
 {¶ 82} Based upon the fact that it took six plus years to notify the trial court that he would not complete his repayment on time, it is clear that it was not an expectation of the probation department nor was it communicated to them by the court that the probationer was expected to completely repay all of the restitution within five years. Also, they did not notify the court promptly of his non-compliance and as such established the terms of probation as not requiring full payment.
 {¶ 83} I believe appellant's first assignment of error is with merit.
 {¶ 84} For the foregoing reasons, I would reverse the judgment of the trial court. *Page 1