**STATE, Plaintiff-Appellee, v TRIMMER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4007. Decided June 13th, 1947.

Ralph J. Bartlett, Prosecuting Attorney, and William C. Bryant, Asst. Prosecuting Attorney, both of Columbus, for plaintiff-appellee.

B. N. Murray, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

Submitted on motion of plaintiff-appellee to dismiss the appeal and affirm the judgment of the trial court on five separate grounds.

The defendant-appellant was charged with, tried for and found guilty of contributing toward the delinquency of a minor by the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio. The case was tried on January 28, 1947, on which date the trial Judge signed and filed a journal entry in which it found the defendant guilty of the charge as alleged, imposed a fine of $25.00 and costs, which was suspended on condition the defendant refrain from taking his minor grandson into beer parlors. On January 30, 1947, the trial Judge signed and filed a second journal entry in which it found from the evidence that the defendant was not intoxicated, but that said defendant did contribute toward the delinquency of said minor. The notice of appeal was filed on February 28, 1947, which was more than thirty days after the sentence and judgment pronounced by the Court, under date of January 28, 1947.

Plaintiff-appellee moves the Court to dismiss the appeal on the ground that the notice of appeal was not filed within thirty days after sentence and judgment, as required by §13459-4 GC, which provides:

"Such appeal, unless otherwise provided, may be filed, as a matter of right, within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof."

Leave of court to appeal was neither asked for nor ob-

tained. Under this section, an appeal may be filed as a matter of right "within thirty days after sentence and judgment." If the time within which the appeal could be taken dates from the order made on January 30, 1947, the appeal was filed within time; if from the order made on January 28, 1947, the appeal was not filed within time. On January 28, 1947, the Court had tried the defendant, without the intervention of a jury. At the close of the case the trial judge could, and did, pronounce sentence and judgment. The entry which embodied the sentence and judgment was complete, legal in form, and journalized as the sentence and judgment of the Court. No motion for new trial, or to vacate the sentence and judgment, was filed. Two days later a second entry was filed, more elaborate than the first entry, in which the Court pronounced sentence and judgment, which varied only slightly from the sentence and judgment in the first order. No explanation is given for filing two entries, or for the second sentence and judgment. The order made under date of January 28, 1947, was never vacated. It still stands as the sentence and judgment of the trial court. Until this order was vacated or set aside the Court was without authority to again pronounce sentence and judgment. The Court had exhausted its jurisdiction and the second order was a nullity. Hence, the appeal was not filed within time, since thirty-one days elapsed after the sentence and judgment. The motion to dismiss will be sustained on this ground.

In the second, third and fourth branches of the motion the plaintiff-appellee moves to dismiss the appeal on the following grounds: that no brief or assignments of error were filed at the time of filing the transcript of the docket and journal entries; that no brief has ever been filed; and that no bill of exceptions has been filed, and the errors claimed may not be considered in the absence of a bill. The record shows that no brief has ever been filed, that the assignments of error, which were filed separately, were not filed with the transcript of the docket and journal entries, but twenty days later; that no bill of exceptions has been filed, and upon examination of the assignments of error the Court finds that such errors may not be considered in the absence of a bill of exceptions. The defendant has failed to comply with the provisions of §13459-3 GC, which are mandatory. State v Jarcho, 65 Oh Ap 417. The motion to dismiss will be sustained in the second, third and fourth branches.

Finally, the plaintiff-appellee moves to dismiss the appeal on the ground that the defendant-appellant has not substan-

tially complied with the provisions of §13459-5 GC, in that the notice of appeal fails to give the date or character of the judgment appealed from, or a description of the judgment, so as to identify it. Under the provisions of §13459-5 GC, the notice of appeal "shall contain a description of the judgment as to identify it." In the case at bar the notice of appeal fails to mention any judgment. It simply states that the defendant, "files this his notice of appeal herein, a copy of which is filed in the Court of Appeals."

In view of the opinion of the Supreme Court in **Mosey v Heistand, 138 Oh St 249,** we would not be justified in dismissing the appeal on this ground. See also **Kline v Green, 25 Abs 240** (opinion by 2nd District), in which it had before it the question of whether or not the notice of appeal complied with the provisions of §12223-5 GC. The Court held that failure to specifically designate the order, judgment and decree appealed from did not furnish a sufficient ground for dismissing the appeal.

This branch of the motion will be overruled. An entry may be drawn accordingly.

MILLER and HORNBECK, JJ, concur.