THE STATE OF OHIO, APPELLEE, *v.* SHYROCK, APPELLANT.

(No. 7114—Decided July 11, 1949.)

*Mr. Carson Hoy* and *Mr. Harry S. Schwartz,* for
appellee.

*Mr. Robert E. Brooks, Mr. Louis C. Capelle* and *Mr.
Robert L. Young,* for appellant.

HILDEBRANT, J. On his plea of guilty to the felony
of stabbing to wound, defendant-appellant received the
following sentence:

"It is therefore ordered by the court that sentence
herein be deferred and the defendant, Leon Shyrock,
placed on probation for a period of five years.

"It is further ordered by the court that the defendant herein pay the costs of this prosecution, and to make restitution."

Thereafter, defendant was convicted of a charge of abuse of family and drunkenness and received a workhouse sentence and fine. This was reported to the trial court as a violation of the former probation, and, after a full judicial inquiry and hearing upon the reported violation, the evidence, and the statements of the defendant, the court revoked the previous probation and sentenced the defendant to the penitentiary.

Defendant contends the court had no power to revoke the probation, except for a violation of the express conditions contained in the journal entry in this case, *i. e.*, "pay the costs of this prosecution and to make restitution."

The power of the court to grant probation is statutory and regulated by Section 13452-1 *et seq.*, General Code.

In setting forth the procedure for probation and providing for a release from custody on probation, Section 13452-4, General Code, provides that the probationer "shall continue under the control and supervision of the county department of probation or the state Department of Public Welfare, as the case may be, to the extent required by law, the terms and conditions of the order of probation, and the rules and regulations governing said department of probation."

Section 13452-5, General Code, provides that if the probationer "is confined in any institution for the commission of any offense whatever, the probation period shall cease to run until such time as he is brought before the court for its further action under this act."

Section 13452-6, General Code, provides for the arrest, without warrant, of the probationer by any pro-

bation officer during the period of probation, as was done in this case.

The syllabus in *State* v. *Skypeck*, 77 Ohio App., 225, 65 N. E. (2d), 75, is:

"1. The right of a defendant, who has been convicted of, or has plead guilty to a criminal offense, and who has been afforded probation as provided by Sections 13452-1 to 13452-11, General Code, inclusive, to continue as a probationer, is within the sound discretion of the court.

"2. Before the court may terminate an order of probation and sentence the defendant upon such judgment or plea, the defendant is entitled to be heard upon a 'judicial inquiry' in open court on the question of whether he has failed to meet the conditions of the order of probation."

When imposition of sentence is deferred and a defendant is released from custody upon probation, the statutes regulating such procedure are as much a part of the terms and conditions of each probation as are any additional express conditions imposed by the court, deemed appropriate to the particular case.

The approved procedure having been followed here, and the conditions imposed by Section 13452-5, General Code, having been violated by the defendant, the court was clearly within its power in revoking the probation.

The judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus, opinion and judgment.