THE STATE OF OHIO, APPELLEE, *v.* YONTZ, APPELLANT.

(No. 329—Decided April 12, 1950.)

*Mr. Harry C. Johnson,* prosecuting attorney, for appellee.

*Mr. James A. Weyer,* for appellant.

McCLINTOCK, J. This is an attempted appeal from a

judgment of the Court of Common Pleas of Guernsey County, in which the defendant (appellant) was charged in an information of exhibiting gaming devices for gain. The transcript of the proceedings, in part, is as follows:

"At January Term (March 15) 1949, Jour. 58, Page 597, defendant appeared in open court by counsel, waived the reading of the information and entered his plea of not guilty thereto. Bond fixed in the amount of $500. At January Term (March 17) and Dec. 16, 1949, Jour. 59, Page 45, and 229, defendant failing to show good and sufficient cause why the sentence of this court should not now be pronounced, it is the sentence of the court that defendant pay a fine of $200 under his conviction of guilty on the information and stand incarcerated in the Guernsey county jail for 90 days on each of the seven counts of said information. The court hereby directs that said sentence on said counts shall be served concurrently and that 80 days of each 90 days is hereby suspended. Defendant to pay costs of prosecution for which execution is awarded.

"1949, March 21—'Motion for new Trial,' filed. At Jan. Term (April 25) 1949, Jour. 59, Page 18, motion for new trial overruled.

"1949, Dec. 20—'Motion for New Trial and Notice,' filed. At Jan. Term. (Jan. 24) 1950, Jour. 59, Page —, motion for new trial overruled.

"1950, Feb. 15—'Notice of Appeal,' filed.

"1950, Feb. 15—'Precipe,' filed.

"1950, Feb. 15—'Bill of Exceptions,' filed."

The transcript further shows that on the 16th day of December, 1949, the same proceedings as were had in the journal entry of March 15 and March 17, 1949, except the sentence of the court in the proceedings in the journal entry of December 16, 1949, provided a fine of $200, and that defendant be imprisoned in jail in

Guernsey county, for a period of 90 days. Eighty days of such jail sentence was thereby suspended.

It is apparent that the attempted appeal was made by reason of the judgment and entry of December 16, 1949.

Section 13459-4, General Code, reads as follows:

"Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof."

It is apparent that the first judgment and sentence as of March 17, 1949, were journalized and never vacated and that the second judgment and sentence were made after the January Term of 1949.

No explanation is given for filing two entries or for the second sentence and judgment. The first journal entry still stands as the sentence and the judgment of the trial court. Until that order is vacated or set aside, the court was without authority to again pronounce sentence and judgment. The court had exceeded its jurisdiction and the second order was a nullity.

For authority we cite *State* v. *Trimmer,* 80 Ohio App., 545, 76 N. E. (2d), 896, the first paragraph of the syllabus of which reads:

"1. Where the defendant was tried, found guilty and sentenced on a charge of contributing toward the delinquency of a minor, and the judgment and sentence were properly journalized, the court was without authority two days later to again pronounce judgment and sentence, unless the first order was vacated; the second judgment and sentence were null and void."

We cite, also, the case of *Lee* v. *State,* 32 Ohio St., 113, the first paragraph of the syllabus of which reads:

"1. Where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the

facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the limits authorized by law."

It is, therefore, the opinion of this court that no appeal was duly perfected from the first judgment and sentence in time in accordance with the law relating thereto and, for the reasons herein stated, the court on its own motion dismisses the appeal.

*Appeal dismissed.*

MONTGOMERY, P. J., and PUTNAM, J., concur.