THE STATE OF OHIO, APPELLEE, *v.* KRAUSS, APPELLANT.

(No. 4983—Decided April 1, 1957.)

*Mr. Harry Fribery,* prosecuting attorney, and *Mr. Anthony G. Pizza,* for appellee.

*Mr. Max Britz,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court revoking an order of probation and sentencing the defendant to be confined in the Ohio State Reformatory until released according to law.

Upon an indictment for armed robbery, the defendant withdrew a former plea of not guilty and tendered a plea of guilty to the first count of such indictment. Upon recommendation of the prosecuting attorney, such plea was accepted and the case was referred to the Lucas County Adult Probation Department for presentence investigation and report, and by leave of court a nolle prosequi was entered as to the second count of the indictment. Although the accused had been previously charged with the commission of similar offenses, he had suffered no previous conviction for felony.

On October 30, 1956, upon report and recommendation of the Lucas County Probation Department, in which the prosecuting attorney concurred, imposition of sentence was suspended and postponed and the defendant probated to said department for a period of five years, conditioned that the defendant abide by the rules of the probation department and that he pay the costs of prosecution. Such order was journalized on the same day. On the morning of the following day, pursuant to a telephone call of a member of the probation department, the defendant appeared in court with counsel and the court made the following statement:

"In this case of Roger Krauss, *State of Ohio* v. *Krauss,* the court made an order ordering the defendant to be probated for a period of five years. That order of probation was made upon recommendation of the probation department.

"The court is bothered with this case a great deal more than many of the cases that come here because a series of holdups had been committed. However, the probation department made a very thorough investigation of the facts and made a very complete report to the court upon the facts.

"It also came to the court's attention at the time of the

sentencing that this man was wanted for a similar crime in the state of Michigan. And taking these facts all into consideration, we ordered probation for a period of five years.

"Upon arriving at court this morning, we found that the Michigan authorities had decided not to prosecute because the man had been probated in this jurisdiction.

"In justice, I think that this man should not be permitted to be at liberty, or at least he should be punished for these holdups. They were armed robberies, they were made under circumstances that were calculated to throw fear into the hearts of any one who might discover them. They had guns, they wore stocking masks; and our first consideration here, by which we consider the best interests of the defendant, our first consideration is the protection of society. I found out, quite by accident, the Monroe authorities had decided not to prosecute him.

"Stand up. The order entered by the court here on the 30th of October, probating you to the Lucas County Adult Probation Department for a period of five years, is revoked, and you are sentenced to be confined in the Ohio State Reformatory until released according to law, and to pay the costs of prosecution."

It has been held that where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in the furtherance of justice, at the same term and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the limits authorized by law. Lee v. State, 32 Ohio St., 113.

In Bates v. State, 63 Ohio St., 11, 57 N. E., 957, the court held that the power of a court to correct or amend its record in a matter of substance after term seems to rest entirely on statute.[1]

[1]In reaching the conclusion that the power to amend its record after term did not exist at common law, the court quotes from Lord Coke, that "the record remaineth in the brest of the judges of the court, and in their remembrance, and therefore the roll is alterable during that terme, as the judges shall direct; but when the terme is past, then the record is in the roll, and admitteth no alteration, averment, or proofe to the contrarie."

It has been held also that where a defendant was tried, found guilty and sentenced, which sentence was suspended on condition and which judgment and sentence were properly journalized, the court was without authority two days later to again pronounce sentence and judgment, unless the first order was vacated. *State v. Trimmer,* 80 Ohio App., 545, 76 N. E. (2d), 896. See, also, *State v. Yontz,* 87 Ohio App., 526, 96 N. E. (2d), 265, holding that the court is without jurisdiction to pronounce sentence and judgment a second time until the first order is vacated or set aside.

As above indicated, pursuant to the provisions of Section 2951.01 *et seq.,* Revised Code, on October 30th imposition of sentence was suspended and the defendant was probated.

Section 2951.08, Revised Code, provides for the arrest of a defendant on probation. Section 2951.09, Revised Code, then provides that when a defendant on probation is brought before the judge, as provided in the preceding section, such judge shall immediately inquire into the conduct of the defendant, and may terminate the probation and impose any sentence which might originally have been imposed.

It is settled that this section accords the defendant upon probation the right to a judicial inquiry prior to termination of probation. *State v. Skypeck,* 77 Ohio App., 225, 65 N. E. (2d), 75; *State v. Shyrock,* 86 Ohio App., 210, 89 N. E. (2d), 90; *State v. Nowak, Jr.,* 91 Ohio App., 401, 108 N. E. (2d), 377; *State, ex rel. Smilack, v. Bushong, Supt.,* 93 Ohio App., 201, 112 N. E. (2d), 675, affirmed, 159 Ohio St., 259, 111 N. E. (2d), 918.

In construing a statute enjoining the court to examine into the question of the sanity of an accused, the Supreme Court has held that such statute contemplates as a condition precedent to commitment a formal examination and investigation by the court into the question of the sanity of the accused. *State, ex rel. Smilack, v. Bushong, Supt., supra* (159 Ohio St., 259). The court held further that a confinement made upon an unsworn statement based on hearsay without any semblance of a formal hearing and the presentation of any sworn testimony deprives the accused of due process of law. By analogy, Section 2951.09, Revised Code, requiring the court to immediately inquire into

the conduct of the defendant upon probation contemplates a similar hearing. In our opinion, the statute also contemplates that probation is to be revoked upon a showing that the defendant has violated the conditions of his probation. It is obvious that in the instant case the defendant was not accorded the hearing contemplated by the statute.

While the Common Pleas Court is one of general jurisdiction in criminal matters, its jurisdiction with respect to revocation of probation is special and limited by statute. And where a court of general jurisdiction exercises special statutory powers not within its general jurisdiction, the court stands, with respect to the special powers exercised, alike to a court of limited jurisdiction (*Lessee of Adams* v. *Jeffries*, 12 Ohio, 253, 272, 40 Am. Dec., 477; *Harbeck* v. *City of Toledo*, 11 Ohio St., 219, 224; *Anderson* v. *Commissioners of Hamilton County*, 12 Ohio St., 635, 643) and the record of such court must show on its face compliance with the special statutory requirements in order to obtain jurisdiction. Cf. 21 Corpus Juris Secundum, 152, Section 96; *State, ex rel. Christopher*, v. *Amrine*, 59 Ohio Law Abs., 295, 94 N. E. (2d), 204; *State, ex rel. Smilack*, v. *Bushong, Supt.*, 93 Ohio App., 201, 210, 112 N. E. (2d), 675; 14 Ohio Jurisprudence (2d), 548, 549, Section 134.

It is therefore concluded that whatever right a Court of Common Pleas may have to alter or change a sentence in a criminal case within term is limited by the specific statutory provisions of Section 2951.09, Revised Code; and that upon the arrest of a defendant upon probation, when he is brought before the court he is entitled to a hearing at which evidence may be submitted pro and con, affording a predicate for revocation of his probation.

The record discloses that the trial court was fully apprised of defendant's previous delinquencies and that defendant was wanted for a similar offense by the state of Michigan, at the time it accorded the defendant probation, and that the order revoking such probation was not based upon any conduct of the defendant in violation of the order.

The judgment of the Court of Common Pleas revoking such probation is therefore reversed and the defendant discharged.

subject, however, to the order of probation. The cause is remanded to the Common Pleas Court for further proceedings, if any be necessary, at appellee's costs.

*Judgment reversed.*

DEEDS, FESS and SMITH, JJ., concur.