DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Douglas K. Betts, is appealing from a final judgment of the Pickaway County Court of Common Pleas dismissing his petition for postconviction relief. Betts argues that the trial court erred in dismissing his petition without first holding an evidentiary hearing. Because Betts failed to demonstrate that substantive grounds for relief existed, the trial court was not required to conduct an evidentiary hearing. Betts also argues that the trial court erred in relying on res judicata when it dismissed his petition. Because we conclude that Betts' claim is not supported by the evidence in the record, the question of whether res judicata was applicable is moot. Accordingly, we overrule Betts' assignments of error and affirm the judgment of the trial court.
 {¶ 2} In May 2002, the Pickaway County Grand Jury returned an indictment charging Betts with two counts of receiving stolen property. A jury ultimately found Betts guilty of the first count, involving a 1995 Chevrolet pickup truck, and not guilty of the second count, involving a license plate stolen from a different vehicle. Following the jury's verdict, the trial court sentenced Betts to twelve months in prison. On appeal, we affirmed the trial court's judgment.[1]
 {¶ 3} While his appeal was pending, Betts filed a petition for postconviction relief. In support of his petition, Betts claimed that he was deprived of the effective assistance of trial counsel because his attorney did not call two witnesses, Dick LeMaster and Ross Anderson, to testify. Betts attached to his petition an affidavit from Anderson in which he stated that he never discussed the stolen truck with Betts, and that he never had a conversation with Betts in the presence of Norman Sowers, who was a witness for the state at Betts' trial.
 {¶ 4} The trial court reviewed Betts' petition and dismissed it without holding an evidentiary hearing. The trial court found that Betts had failed to set forth objective facts to establish substantive grounds for relief. Specifically, the court found that Betts did not present any evidence that trial counsel's decision not to call the two men as witnesses "was anything other than sound trial strategy[.]" The trial court also concluded that Betts could have raised this claim in his direct appeal but failed to do so, therefore barring him from including it in a petition for postconviction relief.
 {¶ 5} Appellant filed a timely appeal from this judgment and now asserts the following assignments of error for our consideration:
 {¶ 6} "[1.] The trial court erred when it denied Appellant an evidentiary hearing in violation of his rights under the Fifth, Sixth,Eighth, Ninth and Fourteenth Amendments of The United States Constitution and Article 1, Section 1, 2, 9, 10, 16 and 20 of The Ohio Constitution, when the Appellant submitted documentary evidence dehors the record to support his claims.
 {¶ 7} "[2.] The trial court erred by dismissing the Petitioner's petition on the basis of res judicata citing [sic] because the State did not raise res judicata as an affirmative defense, and because Appellant relied on documentary evidence outside the record which could not have been presented on direct appeal, in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments of The United States Constitution and Article 1, Section 2, 9, 10, 16, and 20 of the Ohio Constitution."
 {¶ 8} In his first assignment of error, Betts argues that the trial court erred by dismissing his petition without conducting an evidentiary hearing. He contends that the record and the evidence he submitted with his petition demonstrate that substantive grounds for relief exist with respect to his claim that his attorney provided ineffective assistance of counsel.
 {¶ 9} Under R.C. 2953.21, a defendant challenging his conviction by way of a petition for postconviction relief is not automatically entitled to a hearing. State v. Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102. Rather, the trial court must review the petition and "determine whetherthere are substantive grounds for relief (R.C. 2953.21[C]), i.e., whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' (Emphasis added.) R.C. 2553.21(A)(1)." Calhoun at 283. See, also, State v. LaMar (Mar. 17, 2000), Lawrence App. No. 98 CA 23, 2000 WL 297413, at 6. As the party seeking relief, the petitioner is responsible for submitting evidence containing sufficient operative facts to demonstrate the veracity of his claims. Id.
 {¶ 10} Betts argues that trial counsel provided ineffective assistance because of his failure to call two witnesses to testify. He maintains that these witnesses, if called, would have provided exculpatory testimony contradicting key evidence submitted by the state.
 {¶ 11} To sustain a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test crafted by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, and subsequently adopted by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See, also,State v. Reed, 74 Ohio St.3d 534, 535, 1996-Ohio-21 (holding that "the * * * analysis found in Strickland is the appropriate level of review to determine whether an appellant has raised a `genuine issue' in an application for reopening an appeal under App.R. 26(B)(5).").
 {¶ 12} First, a defendant must be able to show that his attorney was deficient in some aspect of his representation. Bradley at 141. This requires a showing that counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. Id.
 {¶ 13} Second, a defendant must be able to establish that the deficient performance prejudiced his defense. Id. at 142. In other words, there must be "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 14} Moreover, there is a strong presumption in Ohio that a licensed attorney is competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. To overcome this presumption, a defendant is obligated to demonstrate that the actions of his attorney did not fall within a range of reasonable assistance. State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 34. Debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. State v. Phillips, 75 Ohio St.3d 72, 85,1995-Ohio-171.
 {¶ 15} Decisions about which witnesses to call involve matters committed to counsel's professional judgment. State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 127. Stated differently "counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court."State v. Treesh, 90 Ohio St.3d 460, 490, 2001-Ohio-4.
 {¶ 16} Before proceeding further, we note that Betts did not attach to his petition an affidavit from LeMaster, and there is nothing in the record to indicate what kind of testimony he would have provided. Accordingly, we will limit our review to the evidence before the trial court.
 {¶ 17} As noted above, Betts attached an affidavit from Anderson in which he stated that he never discussed the stolen truck with Betts, and that he never had a conversation with Betts in Sowers' presence. During the trial, Sowers had testified that he overheard a conversation in which Betts asked Anderson how he could obtain license plates for the stolen truck and Anderson reply that what he was asking was not "worth going to jail for." Betts argues that if trial counsel had presented Anderson's testimony to the jury, it would have provided reasonable doubt that he knew the truck was stolen.
 {¶ 18} After our review of the record, we conclude that Anderson's testimony, if believed, would not have exonerated Betts or created a strong probability of a different result at trial. It is possible that trial counsel may have reasonably concluded that the better strategy was to discredit the state's witnesses through aggressive cross-examination as opposed to presenting a witness who may not have been helpful to Betts' defense. See State v. Rutter, Hocking App. No. 02CA17, 2003-Ohio-373, at ¶ 27 (holding that the failure to call a witness and to rely on cross-examination does not necessarily constitute ineffective assistance). It is also possible that trial counsel believed it was sufficient that Betts testified on his own behalf and denied that he spoke to Anderson about obtaining license plates for the stolen truck.
 {¶ 19} However, even assuming that counsel's performance was deficient, there is no reasonable probability that the trial's result would have been different. The state presented evidence other than the conversation in question to convict Betts of receiving stolen property. For example, the stolen truck was at Betts' home for several weeks, after which time he moved it to other property he owned. Two witnesses saw Betts driving the truck. Betts also concealed the license plate by attaching a camper, and when he moved the truck to his other property he had Sowers park it behind a pole barn where it could not be seen from the road.
 {¶ 20} Although Betts offered an explanation for these facts, the jury was free to assign credibility based on its collective assessment of the witnesses' veracity. That being said, there simply is no reason to believe that the jury would have acquitted Betts if Anderson would have testified at trial.
 {¶ 21} We conclude that the trial court properly weighed the evidence in support of Betts' petition for postconviction relief and properly found that he had not provided sufficient operative facts to warrant a hearing. Betts' first assignment of error has no merit.
 {¶ 22} In his second assignment of error, Betts contends that the trial court erred by relying on res judicata to dismiss his petition. He argues that the state waived this defense by not asserting it in a timely manner, and that res judicata is not applicable to this case because the evidence supporting his claim of ineffective assistance of counsel was outside the record and could not have been presented in his direct appeal.
 {¶ 23} In denying Betts' petition, the trial court first found that he did not present any evidence that trial counsel's actions were deficient. The court then went further when it concluded that Betts could have raised this claim in his direct appeal but failed to do so, therefore barring him from raising it in a petition for postconviction relief.
 {¶ 24} Because we already have affirmed the trial court's judgment that Betts failed to provide sufficient facts establishing his claim that he received ineffective assistance of counsel, the issue of whether res judicata barred the claim is moot. App.R. 12(A)(1)(c). Betts' second assignment of error is not well-taken.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] Additional facts may be found in our opinion from Betts' direct appeal. See State v. Betts, Pickaway App. No. 02CA26, 2004-Ohio-818.