OPINION
{¶ 1} This is an appeal by defendant-appellant, Melvin W. Martin, from a judgment of the Franklin County Court of Common Pleas dismissing appellant's petition for post-conviction relief.
 {¶ 2} On July 24, 1995, appellant was indicted on one count of murder and two counts of felonious assault. The indictment arose out of the stabbing death of Alva McCoy on June 20, 1995. The matter came for trial before a jury in March 1996. On March 8, 1996, the jury returned verdicts finding appellant guilty of murder and one count of felonious assault.
 {¶ 3} Appellant appealed his convictions, raising eight assignments of error, including challenges to the weight and sufficiency of the evidence, as well as claims of ineffective assistance of counsel. In State v. Martin (Dec. 24, 1996), Franklin App. No. 96APA04-450 ("Martin I"), this court overruled all of appellant's assignments of error and affirmed the judgment of the trial court.
 {¶ 4} On November 22, 1996, appellant filed a petition for post-conviction relief. By decision and entry filed May 7, 1997, the trial court denied appellant's petition. Appellant appealed the court's denial of his petition, and this court affirmed the judgment of the trial court by decision filed November 4, 1997.
 {¶ 5} On February 14, 2005, appellant filed a second petition for post-conviction relief. On March 21, 2005, appellant filed a motion requesting the court to release the state's criminal file, witness statements and summaries, as well as color copies of all crime scene photographs, asserting that these materials were necessary for the trial court's review of his petition. The state filed a memorandum contra appellant's motion for production of the records. By entry filed August 22, 2005, the trial court dismissed appellant's petition for lack of jurisdiction.
 {¶ 6} On appeal, appellant sets forth the following four assignments of error for review:
FIRST ASSIGNMENT OF ERROR
THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHERE THE TRIAL COURT ERRED IN DISMISSING HIS PETITION FOR POST-CONVICTION RELIEF ON GROUNDS OF RES JUDICATA[.]
SECOND ASSIGNMENT OF ERROR
THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHERE THE TRIAL COURT ERRED IN NOT GRANTING HIS MOTION FOR AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF[.]
THIRD ASSIGNMENT OF ERROR
THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHERE THE TRIAL COURT ERRED IN DISMISSING HIS PETITION FOR POST-CONVICTION RELIEF BEFORE RULING ON MOTIONS FOR ORDERS FOR PLAINTIFF/APPELLEE AND TRIAL COUNSEL TO PROVIDE EVIDENTIARY MATERIALS[.]
FOURTH ASSIGNMENT OF ERROR
THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHERE THE TRIAL COURT ERRED IN DETERMINING THE PETITION TO BE A SECOND OR SUCCESSIVE PETITION AND R.C. 2953.23(A) APPLIED[.]
 {¶ 7} Appellant's four assignments of error, which all raise various challenges to the trial court's denial of his motion for post-conviction relief, will be considered jointly.
 {¶ 8} In general, "[t]he post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment," and it provides a "`means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." State v. Campbell, Franklin App. No. 03AP-147,2003-Ohio-6305, at ¶ 13, quoting State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233.
 {¶ 9} R.C. 2953.21 governs petitions for post-conviction relief, and provides in relevant part:
(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
 {¶ 10} A criminal defendant seeking to challenge his conviction by way of petition for post-conviction relief is not automatically entitled to a hearing. State v. Calhoun (1999),86 Ohio St.3d 279, 282. Rather, before granting a hearing, the court first must determine whether there are substantive grounds for relief, and the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts demonstrating the lack of competent counsel, and that the defense was prejudiced by counsel's ineffectiveness. Id. at 282-283.
 {¶ 11} In the present case, the trial court found that appellant's petition was a successive petition under R.C.2953.23. Pursuant to R.C. 2953.23(A)(1), a court may not entertain an untimely petition or a "second petition or successive petitions" unless the following two conditions are met:
(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 12} Thus, before a court may consider an untimely or a second or successive petition for post-conviction relief, a petitioner must demonstrate that: "(1) he was unavoidably prevented from discovering the facts upon which he bases his petition, or that the petitioner's claim is based upon a newly-created federal or state right; and (2) clear and convincing evidence demonstrates that no reasonable factfinder would have found him guilty in the absence of the alleged constitutional error." State v. Schoolcraft, Washington App. No. 05CA29, 2006-Ohio-3139, at ¶ 7.
 {¶ 13} At the outset, we reject appellant's contention, raised under his fourth assignment of error, that the trial court erred in treating his petition as a successive petition. Appellant's first petition was denied on the merits, and we note that this court held on appeal that appellant failed to present sufficient documentary evidence showing that his trial counsel was ineffective and that he was prejudiced, further noting that "nothing in appellant's motion for post-conviction relief showed he was entitled to relief and the trial court did not err in failing to grant him an evidentiary hearing." State v. Martin
(Nov. 4, 1997), Franklin App. No. 97APA05-708 ("Martin II").
 {¶ 14} In the present case, the trial court found that appellant's petition failed to meet either of the requirements of R.C. 2953.23 regarding successive petitions. The court further found that, even if it had jurisdiction, appellant's claims were barred by res judicata as he presented matters that were previously decided, that could have been raised on direct appeal, or could have been asserted in the first petition.
 {¶ 15} The state argues that appellant does not contend he was "unavoidably prevented" from the discovery of evidence, nor does he claim relief under a new retroactive constitutional right. Rather, appellant continues to argue matters of trial strategy, such as witness selection and counsel's cross-examination of the state's witnesses. While we agree with the state's contention, in the interests of justice we will address appellant's primary claims of alleged ineffective assistance of counsel that, according to appellant, have never been addressed.[1]
 {¶ 16} Appellant cites portions of the trial transcript and argues that his trial counsel was incompetent in failing to impeach a witness, Janice Thompson, with a detective's summary. Appellant maintains that his trial counsel should have asked the trial court to recall the witness, should have requested an in camera inspection of her police statement, and that counsel should have then attempted to impeach Thompson's prior inconsistent statement. Appellant maintains that notes made by trial counsel and subsequently obtained by appellant demonstrate counsel's deficient performance.
 {¶ 17} Appellant further argues that his counsel was deficient in failing to call Hazel Johnson as a hostile witness to corroborate appellant's version of the events. Appellant attached to his petition certain notes/questions his counsel prepared before trial to use in the cross-examination of this witness. Appellant argues that counsel's decision to call Johnson as a defense witness, rather than as a hostile witness, foreclosed counsel from being able to use her prior statements to either impeach her or refresh her recollection.
 {¶ 18} Even assuming that appellant could establish he was unavoidably prevented from discovering the facts presented in his claim for relief, and that he is not procedurally barred from raising these issues, we conclude that the trial court properly denied his petition because he has not proven his counsel provided ineffective assistance. Appellant's trial strategy was to argue self-defense, and appellant continues to argue he was not the aggressor when the altercation began in the bar, resulting in the fatal stabbing of McCoy in the street a short time later. Appellant maintains that his counsel's deficient performance undermined his version of the events that two females, Brandy Thompson and Crystal Thompson, jumped on him and attacked him during the altercation in the bar.[2]
 {¶ 19} As to counsel's performance concerning the testimony of Janice Thompson, the transcript portions cited by appellant indicate that counsel used the detective's summary to impeach this witness. Further, the detective who interviewed Thompson was called as a witness during appellant's case, and counsel asked the detective whether Janice Thompson ever indicated during the taped interview that she saw appellant choking Crystal Thompson. The detective stated he did not remember Thompson ever mentioning that someone was being choked. In response to counsel's further questioning, the detective acknowledged that Janice Thompson stated during the interview that, at some point during the altercation in the bar, five women "jumped into the fight." (Tr. at 560.) Appellant has not shown how counsel's failure to further question Thompson would have changed the outcome.[3] SeeState v. Beuke (1998), 130 Ohio App.3d 633, 637 (noting that evidence in the nature of impeachment material is generally not the type of "outcome-altering" evidence contemplated to invoke trial court's jurisdiction under R.C. 2953.23).
 {¶ 20} Similarly, appellant has not shown that his counsel's strategy to call Johnson on direct, as opposed to attempting to call her as a hostile witness, constituted deficient performance. In general, the manner of questioning a witness is a matter of trial strategy. State v. Singh, 157 Ohio App.3d 603,2004-Ohio-3213, at ¶ 43. Appellant makes a general contention that Johnson should have been required to testify as to all of the things she told counsel and investigators, but appellant does not allege any specific matters that would have altered the outcome.
 {¶ 21} Appellant also contends that the trial court never addressed his prosecutorial misconduct claims involving matters contained in the sealed file and in the transcript of opening and closing arguments. Although we agree with the trial court that these matters are barred by the doctrine of res judicata, even assuming these claims were properly before this court, based upon our review of the transcript and sealed record, we find no merit to appellant's claims of prosecutorial misconduct.
 {¶ 22} In sum, contrary to appellant's contention, the allegations and materials in support of his petition do not show deficient performance or any reasonable probability that the outcome of the proceeding would have been different, and appellant cannot establish that, but for constitutional errors at trial, no reasonable factfinder would have found him guilty. Accordingly, the trial court did not err in dismissing his successive petition for lack of jurisdiction.
 {¶ 23} Under his second assignment of error, appellant argues that the trial court erred in failing to grant his motion for an evidentiary hearing on his petition for post-conviction relief. However, because we have found no error with the trial court's determination that it lacked jurisdiction to entertain appellant's successive petition, the court did not err in failing to conduct a hearing. State v. Peoples, Hamilton App. No. C-050620, 2006-Ohio-2614, at ¶ 10 (trial court "need not conduct a hearing on a postconviction claim that the court has no jurisdiction to entertain").
 {¶ 24} Under his third assignment of error, appellant contends the trial court erred by dismissing his petition for post-conviction relief before deciding his motion requesting documents. We disagree.
 {¶ 25} In general, when a trial court enters judgment without specifically determining a pending motion, the motion is considered implicitly denied. State v. Young, Franklin App. No. 05AP-641, 2006-Ohio-1165, at ¶ 27. Pursuant to R.C. 2953.21(F), a petitioner may only supplement a petition with leave of court after the state has filed an answer. State v. Lorraine (Sept. 1, 2000), Trumbull App. No. 99-T-0060. The decision whether to grant or deny leave to amend or supplement lies within the discretion of the trial court, and such decision will not be overturned by a reviewing court absent an abuse of discretion.State v. Sneed (Sept. 30, 1999), Cuyahoga App. No. 76250.
 {¶ 26} In the instant case, appellant filed his motion after the state's response, and appellant did not request leave to amend. Furthermore, as noted by the state, this court previously granted, by entry filed June 28, 1996, appellant's request for the prosecutor's file. Finally, we agree with the state's contention that the materials at issue do not demonstrate, as contended by appellant, "proof" of his claims. Accordingly, we find no abuse of discretion by the trial court.
 {¶ 27} Based upon the foregoing, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.
[1] In order to sustain a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668, which requires a defendant to demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense, such that "there must be `a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Betts, Pickaway App. No. 03CA25,2005-Ohio-2913, at ¶ 11-13.
[2] Appellant made similar arguments in his appeal of the first petition, contending that he was beaten by a group of women in the bar, and that the fatal stabbing resulted from the victim running into appellant's knife. This court, noting the "absence of a defendant's own testimony," concluded it would be "hard to conceive of how the defense of self-defense may be effectively presented inasmuch as it is based on defendant's subjective state of mind." Martin II.
[3] This court previously rejected appellant's contention that documents attached to his first petition indicated his trial counsel was ineffective for failing to adequately cross-examine certain witnesses, and we found that discrepancies in the testimony noted by appellant to be "not significant." MartinII.