[Cite as *State v. Bankston*, 2013-Ohio-4346.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                               :

    Plaintiff-Appellee,              :

                               No. 13AP-250
v.                                          :          (C.P.C. No. 07CR-05-3229)

Deryk C. Bankston,                          :          (REGULAR CALENDAR)

    Defendant-Appellant.             :

---

D E C I S I O N

Rendered on September 30, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Deryk C. Bankston*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas.

SADLER, J.

{¶ 1} Defendant-appellant, Deryk C. Bankston, appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion for sentencing to correct a fundamental miscarriage of justice." For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} By indictment filed May 4, 2007, appellant was charged with five counts of aggravated robbery, five counts of kidnapping, and one count of aggravated burglary, all with corresponding firearm specifications. Additionally, appellant was charged with one count of carrying a concealed weapon. The charges arose from conduct occurring on April 22, 2007. On this date, five persons were at an apartment smoking marijuana when appellant and two other men approached the front door and asked to purchase some.

*State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 2. When told no marijuana was available for sale, appellant and the two men left, but returned a few minutes later. *Id.* According to witnesses, the men brandished guns, forced the apartment's occupants into various rooms of the apartment, and then left the apartment with money and property belonging to the victims.

{¶ 3} A jury found appellant guilty on all counts, including firearm specifications, except for the carrying a concealed weapon charge for which a nolle prosequi was entered upon application of plaintiff-appellee, state of Ohio. *Id.* at ¶ 3. Appellant was sentenced to an aggregate prison term of 12 years. A judgment entry reflecting the convictions and sentence was filed on July 11, 2008.

{¶ 4} In his direct appeal, appellant argued that his convictions were against the manifest weight of the evidence because the witnesses' credibility was suspect and that the trial court erred in refusing to give his requested jury instruction. *Id.* at ¶ 3. This court rejected appellant's arguments and, on February 19, 2009, affirmed the judgment of the trial court. The Supreme Court of Ohio declined a discretionary appeal in *State v. Bankston*, 122 Ohio St.3d 1456, 2009-Ohio-3131.

{¶ 5} On September 28, 2012, appellant filed a motion for sentencing arguing, though the trial court's judgment entry states he was convicted of 11 counts, because only two jury verdicts were filed, he can only be sentenced on those two offenses. Appellant also argued the trial court failed to properly impose post-release control and failed to advise him of his appellate rights. The trial court found not only that the record refuted each of appellant's arguments, but also that res judicata barred appellant from raising these issues. Consequently, the trial court denied appellant's motion.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant timely appealed and brings the following two assignments of error for our review:

> [I.] Whether a jury's verdict must be "filed" (pursuant to: O.R.C. § 2303.08); and "journalized" (pursuant to: Crim. R. 32(B) and (C)) before inclusion or articulation on a subsequent written judgment entry. see: Schenley v. Kauth (1953), 160 Ohio St. 109, 113 N.E. 2d 625; and, State v. Yontz, 96 N.E. 2d 265, 87 Ohio App. 526. see also: U.S.C.A. Const. Amend. 14.

[II.] Whether the failure to advise a criminal defendant of the
*consequences of a violation of a postrelease control sanction,
i.e. 'in nine month increments,' O.R.C. § 2943.032(E); and,
'up to fifty percent of the original sentence,' Woods v. Telb
(2000), 89 Ohio St. 3d 511 (including the failure to give any
notification as per appellate rights: Crim. R. 32(B)) renders
the attempted judgment a nullity and void.   see: State v.
Billiter, 2012 Ohio 5144, 2012 Ohio LEXIS 2725.

## III.  DISCUSSION

{¶ 7}  We construe appellant's motion for sentencing as a petition for
postconviction relief.  *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (in construing
definition of criteria under which postconviction relief may be sought, "where a criminal
defendant, subsequent to his or her direct appeal, files a motion seeking vacation or
correction of his or her sentence on the basis that his or her constitutional rights have
been violated, such a motion is a petition for postconviction relief as defined in R.C.
2953.21").  *See also State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586, ¶ 11
(motion raising a claim for denial of rights and seeking to void a judgment and vacate
sentence filed after time for direct appeal had passed treated as petition for postconviction
relief).

{¶ 8}   Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be
filed no later than one hundred eighty days after the date on which the trial transcript is
filed in the court of appeals in the direct appeal of the judgment of conviction or
adjudication."  Further, R.C. 2953.23(A)(1) provides that a court may not entertain an
untimely petition or a second petition or successive petitions unless certain conditions are
met.  As recognized in *State v. Martin*, 10th Dist. No. 05AP-495, 2006-Ohio-4229, before
a court may consider an untimely or a second or successive petition for postconviction
relief, a petitioner must demonstrate that: " '(1) he was unavoidably prevented from
discovering the facts upon which he bases his petition, or that the petitioner's claim is
based upon a newly-created federal or state right; and (2) clear and convincing evidence
demonstrates that no reasonable factfinder would have found him guilty in the absence of
the alleged constitutional error.' "  *Id.* at ¶ 12, quoting *State v. Schoolcraft*, 4th Dist. No.
05CA29, 2006-Ohio-3139, ¶ 7.  However, if a trial court receives an untimely or successive
petition for postconviction relief that challenges a void sentence, it must ignore the

procedural irregularities, vacate the void sentence, and resentence the offender. *State v. Cunningham*, 10th Dist. No. 10AP-452, 2011-Ohio-2045, ¶ 19.

{¶ 9}   A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing if it determines that the doctrine of res judicata is applicable. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 10, citing *State v. Wright*, 10th Dist. No. 08AP-1095, 2009-Ohio-4651, ¶ 11.   Res judicata bars a defendant who was represented by counsel during the proceeding in which a final judgment of conviction has been entered from raising and litigating any defense or claimed lack of due process. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996).   *See also State v. Lester*, 3d Dist. No. 2-11-20, 2012-Ohio-135, ¶ 13, citing *State v. Wilson*, 3d Dist. No. 1-08-60, 2009-Ohio-1735, ¶ 15 (motions for postconviction relief will be barred by the doctrine of res judicata if they raise on appeal an issue that could have been raised or was raised on direct appeal).

{¶ 10}   A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse-of-discretion standard. *Boddie* at ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14.   An abuse of discretion entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### A.  Timeliness of Petition

{¶ 11} We first address the timeliness of appellant's postconviction petition. Appellant was convicted on July 11, 2008, but did not file his motion for sentencing until September 28, 2012, well beyond the statutory time requirements. *See* R.C. 2953.21(A); *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 7.   While R.C. 2953.21 provides a court with jurisdiction to entertain an untimely petition for postconviction relief if certain conditions are met, appellant has made no attempt to argue, much less establish, that any of the exceptions applied to his petition.   Instead, it appears appellant is arguing that the time limitations provided in R.C. 2953.21 are inapplicable in this instance because his judgment of conviction and sentence is void.   We will address each contention in our disposition of appellant's assigned errors.

### B.  First Assignment of Error

{¶ 12} In his first assignment of error, appellant contends the judgment of conviction and sentence is void because the verdict forms for nine of the counts on which

he was sentenced were not filed in the record.  According to appellant, if the verdict forms do not appear in the record, the trial court's judgment of conviction and sentence cannot, by law, constitute a final order.

{¶ 13}  Contrary to appellant's position, 11 file-stamped signed verdict forms appear in the record, all having been filed on May 16, 2008.  Additionally, the jury forms were read into the record and the jury was polled thereafter.  Moreover, the failure to file verdict forms, had there been one in the case, would not have rendered appellant's sentence void, as such fact alone does not even rise to the level of reversible error.  *State v. Calwise*, 7th Dist. No. 00 CA 77, 2003-Ohio-3463, ¶ 34 (failure to file and record the verdict forms is not reversible error); *State v. Clark*, 2d Dist. No. CA 9722 (Jan. 6, 1987) ("The filing of such forms is a ministerial act and, however important, it does not affect a substantial right when the otherwise perfect record of the proceedings at trial and the final judgment fully disclose the delivery and acceptance without objection of valid verdicts by the jury.").

{¶ 14}  Accordingly, we overrule appellant's first assignment of error.

## C.  Second Assignment of Error

{¶ 15}  In his second assignment of error, appellant contends the trial court's failure to properly advise him of both post-release control and his appellate rights renders his sentence void.

{¶ 16}  With respect to post-release control, appellant contends the trial court failed to notify him in accordance with former R.C. 2943.032, which provided:

> Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
>
> * * *
>
> (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.

{¶ 17} This provision pertains only to a trial court's acceptance of a guilty plea or of a plea of no contest. In the instant case, appellant was convicted following a jury trial and subsequent guilty verdicts. Therefore, R.C. 2943.032 is not applicable and appellant's reliance thereon is misplaced. *State v. Snelling*, 5th Dist. No. 12CA79, 2013-Ohio-2633, ¶ 11; *State v. Reid*, 2d Dist. No. 24841, 2012-Ohio-2666, ¶ 34; *State v. Panza*, 8th Dist. No. 84177, 2005-Ohio-94, ¶ 29, appeal not allowed, 106 Ohio St.3d 1413, 2005-Ohio-3154.

{¶ 18} Though it is somewhat unclear, we glean from appellant's appellate brief that he is also arguing the trial court failed to orally inform him of the consequences of violating post-release control and failed to include the same in its judgment entry. The record, however, reveals otherwise.

{¶ 19} The transcript of the sentencing hearing establishes the following:

> You will be placed on postrelease control after you're done with your 12-year sentence. It will be five years. There will be various conditions on that.
>
> If you violate those conditions, the Parole Board can extend your term, they can add new conditions. The most significant thing of which they can do, however, is send you back to prison ordering you to serve an additional prison term of up to one half of the term I ordered you to serve, and which, in fact, you did serve.
>
> I can order it served in nine-month increments, but it can be for a total of up to one half of the term I ordered you to serve.

(July 9, 2008 Tr., 17-18.)

{¶ 20} The July 11, 2008 judgment entry journalizing appellant's sentence states "the Court notified the Defendant, orally and in writing, of the applicable period of five (5) years mandatory post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." Additionally, appellant and his counsel signed a notice specifying the five-year period of post-release control and the consequences of violating the post-release control sanctions imposed against him. Consequently, we find no merit to appellant's argument that the trial court failed to advise him of post-release control.

{¶ 21} Lastly, under this assignment of error, appellant contends the trial court failed to inform him of his right to appeal.  Again, however, the record refutes appellant's contention.  Not only does the July 9, 2008 transcript, the July 11, 2008 judgment entry, and a notice signed by appellant all reflect appellant was advised of his appellate rights, but, also, appellant, through appellate counsel, did pursue a timely appeal to this court. Moreover, this issue is barred by the doctrine of res judicata because it either was or could have been presented in a direct appeal from the trial court's sentencing entry, but was not. *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 21.

{¶ 22}  For all of the foregoing reasons, we overrule appellant's second assignment of error.

## IV.  CONCLUSION

{¶ 23}  Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and BROWN, J., concur.

_____