[Cite as *State v. Day*, 2013-Ohio-4806.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99790**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAN DAY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-432083

**BEFORE:** McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**FOR APPELLANT**

Dan J. Day, pro se
Inmate No. A450-702
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Smilanick
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. This is the third time Dan Day's 2003 murder conviction and sentence is before this court. Before us in the instant appeal is the trial court's denial of his "Motion to Revise Sentencing Entry and Issue Final Judgment." He claims the trial court failed to "journalize the sentence actually pronounced in open court" at his 2003 sentencing hearing. Finding no merit to his claim, we affirm the trial court's judgment.

**{¶2}** In 2002, Day was indicted for two counts of murder for beating his wife, who bled to death from the injuries she sustained. Count 1 of the indictment charged him with murder (purposely causing the victim's death) and Count 2 charged him with felony murder (causing the victim's death as a proximate cause of committing a felonious assault). The matter was tried to a jury. The trial court instructed the jury on both murder and the lesser included offense of reckless homicide with respect to Count 1, and only on felony murder with respect to Count 2.

**{¶3}** The jury returned a verdict of not guilty of murder but guilty of reckless homicide under Count 1, and guilty of felony murder under Count 2. Because reckless homicide in Count 1 was an allied offense of felony murder in Count 2, the state requested Count 1 to be merged into Count 2 for sentencing. The court sentenced Day on the merged Count 2, to a term of 15 years to life.

{¶4} On direct appeal from his conviction and sentence, Day raised 11 assignments of error. Nine of these errors related to his conviction, and two related to his sentence. Regarding his sentence, he argued the trial court erred by sentencing him for murder rather than for reckless homicide — the lesser of the two allied offenses. He also argued that the murder offense of which he was convicted was functionally equivalent to involuntary manslaughter, yet the law imposed disparate penalties for the same offense.

{¶5} We found none of his claims to have merit and affirmed his conviction and sentence in *State v. Day*, 8th Dist. Cuyahoga No. 83138, 2004-Ohio-1449, *discretionary appeal not allowed, State v. Day*, 103 Ohio St.3d 1427, 2004-Ohio-4524, 814 N.E.2d 490.

{¶6} Six years later, in 2010, Day filed with this court an application for reopening pursuant to App.R. 26(B), claiming his appellate counsel provided ineffective assistance of counsel. This court denied the motion in *State v. Day*, 8th Dist. Cuyahoga No. 83138, 2010-Ohio-3862.

{¶7} Two years later, in 2012, Day filed with the trial court the instant motion, styled as "Motion to Revise Sentencing Entry and Issue a Final Judgment." The court denied the motion, and Day appealed. His sole assignment of error in this appeal states:

> Because the sentence pronounced by a trial court regarding a defendant's sentence does not constitute a final order until journalized, the trial court's failure to journalize the sentence actually pronounced in open court has effectively deprived the appellant of the final judgment necessary to effect a valid appeal of right as to that sentence in violation of appellant's right to

due process and equal protection of the law as guaranteed by the 14th Amendment to the United Constitution.

**{¶8}** Day claims that, although the trial court sentenced him to 15 years to life on the merged Count 2 (felony murder) at the sentencing hearing, in its sentencing entry, it imposed 15 years to life on *Count 1 instead.* He claims that, as such, the trial court "never journalized the sentence actually pronounced from the bench in open court on June 2, 2013 for Count 2: Murder." He argues that, as a result, his sentence was not a final order "capable of properly invoking this court's jurisdiction." Day claims the trial court is obligated to issue a revised sentencing entry reflecting the sentence it pronounced from the bench — 15 years to life *on Count 2*.

**{¶9}** We construe Day's "Motion to Revise Sentencing Entry" as a petition for postconviction relief. *State v. Bankston*, 10th Dist. Franklin. No. 13AP-250, 2013-Ohio-4346, ¶ 7, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131 ("where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21"). We review the trial court's decision regarding postconviction proceedings for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Finally, we note that res judicata is applicable in all postconviction relief proceedings. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

{¶10} First, pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief is to be filed within the 180-day time limitation. A trial court may consider an untimely petition only if (1) the petitioner is "unavoidably prevented" from discovering the facts upon which the petition is based, or (2) the petitioner "shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial." *State v. Sharif*, 8th Dist. Cuyahoga No. 79325, 2001 Ohio App. LEXIS 4354 (Sept. 27, 2001), *9-10. Day filed his "Motion to Revise Sentencing Entry" nine years after his conviction, without demonstrating why he was delayed.

{¶11} Second, Day's allegation of a defect in the sentencing entry is barred by res judicata, because he could have raised the issue on his direct appeal. *State v. Byrd*, 145 Ohio App.3d 318, 332, 762 N.E.2d 1043 (1st Dist.2001) (appellant's claim relating to an alleged sentencing defect was barred by res judicata because he could have raised this claim on direct appeal and he presented no evidence outside the record demonstrating why he failed to do so).

{¶12} Even if we were to consider the allegation, we do not perceive a defect in the sentencing entry claimed by Day. The sentencing entry stated, in pertinent part:

> The jury returns a verdict of not guilty of murder * * * as charged in count one, but guilty of reckless homicide * * *, the lesser included offense under count one of the indictment; guilty of murder * * * as charged in count two.
>
> * * *
>
> The court imposes a prison term at Lorain Correctional Institution, Count 1 to merge with Count 2 for sentencing purposes[,] for a term of 15 years to life."

{¶13} Although an added punctuation may have made the statement clearer, there is no doubt in the sentencing entry the trial court merged Count 1 (reckless homicide) into Count 2 (felony murder), and imposed a term of 15 years to year to life on *Count 2*, reflecting exactly the sentence it had pronounced at the sentencing hearing. Any "revision" of the judgment entry requested by Day is unnecessary.

{¶14} Finally, it is unclear how a "revised" judgment reflecting his 15-year-to-life term on Count 2 would benefit Day. His assignment of error states the trial court's "failure to journalize the sentence actually pronounced in open court has effectively deprived the appellant of the final judgment necessary to effect a valid appeal of right as to that sentence." This claim is perplexing because Day *did* successfully exercise his right to appeal, raising a multitude of claims regarding his conviction of murder on Count 2 as well as his sentence for the conviction, which this court fully considered in *Day, supra*.

{¶15} For the foregoing reasons, the assignment of error is without merit and the trial court's denial of Day's "Motion to Revise Sentencing Entry and Issue Final Judgment" is affirmed.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR